1   **WO**

2

3

4

5

6   **IN THE UNITED STATES DISTRICT COURT**

7   **FOR THE DISTRICT OF ARIZONA**

8

9   Capplanco Seven Incorporated,                    No. CV-15-01727-PHX-DLR

10                  Plaintiff,                        **ORDER**

11  v.

12  KFC of America Incorporated, et al.,

13                  Defendants.

14

15

16          At issue are Defendant KFC Corporation of Delaware's (KFCC) Motion for

17  Partial Judgment on the Pleadings, (Doc. 40), and Motion for Partial Summary Judgment,

18  (Doc. 44).  The motions are fully briefed, and the Court heard oral argument on June 21,

19  2016.  For the following reasons, KFCC's Motion for Partial Judgment on the Pleadings

20  is denied, and its Motion for Partial Summary Judgment is granted.

21                                  <u>**BACKGROUND**</u>

22          In 2001, KFCC leased real property (Property) from Plaintiff Capplanco Seven

23  Incorporated's (Capplanco) predecessor in interest for a 20-year term.[1]  (Doc. 45, ¶¶ 1-4.)

24  KFCC ceased operations and vacated the Property in 2009, but continues to pay rent.

25  (*Id.*, ¶¶ 5-8.)  KFCC does not expect to use the Property for the remainder of the lease

26  term, but alleges it will continue to timely pay rent until the lease expires or is terminated.

27  ─────────────────

28          [1] KFC of America Incorporated merged with KFCC in 2002.  (Doc. 12, ¶¶ 8-9;
    Doc. 13, ¶¶ 8-9.)  For ease, the Court will refer to Defendants only as KFCC.

(*Id.*, ¶¶ 10-11.)

At issue is Section 10.11 of the lease, which states:

> **Maintenance.** Throughout the entire term of the Lease, Tenant, at its sole cost and expense, shall take good care of (a) the Tenant Improvements and (b) pursuant to and in the manner required by the Center Declaration, the Premises, and shall keep the same in good order and repair and in a neat, sanitary and attractive condition, and make all necessary repairs and replacements thereto, interior and exterior, structural and nonstructural, with due diligence and in good faith.  When used in this Section 10.11, the term "repairs" shall include all necessary replacements, renewals and alterations.

(*Id.*, ¶ 16.)  Pursuant to the Center Declaration:

> In the event of any damage or destruction of Building(s) on a Parcel, the Owner of such Parcel shall with reasonable diligence, and at its sole cost and expense . . . repair, restore and rebuild the same in its condition existing prior to such damage or destruction, subject to the provisions hereof, or with such chances, alterations or additions as are not inconsistent with this Declaration[.]

(Doc. 48-1 at 6.)

Capplanco brought this lawsuit against KFCC in August 2015 and filed its amended complaint shortly thereafter.  (Docs. 1, 12.)  The amended complaint alleges four claims against KFCC, three of which are at issue here.  Count I alleges that KFCC breached Section 10.11 of the lease by failing to maintain the Property and seeks damages "in an amount to be proven at trial."  (Doc. 12, ¶¶ 23-30.)  Count III alleges that KFCC's failure constitutes waste, for which Capplanco also seeks damages.  (*Id.*, ¶¶ 40-45.)  Finally, Count IV alleges that KFCC breached Section 10.11 of the lease and seeks specific performance in the form of an order "[d]irecting KFC[C] to comply with its maintenance obligations under Section 10.11 of the Lease."  (Doc. 45, ¶ 24; Doc. 12 at 6-7.)  KFCC has moved for judgment on the pleadings on Counts I and III, and for summary judgment on Count IV.  (Docs. 40, 44.)

1

### DISCUSSION

2

**I. Motion for Partial Judgment on the Pleadings**

3

    **A. Legal Standard**

4

        A motion for judgment on the pleadings under Federal Rule of Civil Procedure

5

12(c) "is properly granted when, taking all the allegations in the non-moving party's

6

pleadings as true, the moving party is entitled to judgment as a matter of law." *Fajardo*

7

*v. Cty. of L.A.*, 179 F.3d 698, 699 (9th Cir. 1999). "Rule 12(c) is 'functionally identical'

8

to Rule 12(b)(6) and . . . 'the same standard of review' applies to motions brought under

9

either rule." *Cafasso v. Gen. Dynamics C4 Sys.*, 637 F.3d 1047, 1054 n.4 (9th Cir. 2011)

10

(quoting *Dworkin v. Hustler Magazine Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989)). Thus,

11

a motion for judgment on the pleadings should not be granted if the complaint contains

12

"sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

13

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation

14

omitted).

15

    **B. Analysis**

16

        Capplanco does not seek to terminate the lease.  (Doc. 12, ¶ 22.)  The issue is

17

whether Capplanco may bring damages claims based on KFCC's alleged failure to

18

secure, maintain, and repair the Property without first terminating the lease.  Notably,

19

Capplanco's amended complaint does not specify how it intends to measure its damages.

20

Nonetheless, KFCC argues that no damages are permitted under the terms of the lease or

21

Arizona law.  (Doc. 40 at 3-6.)

22

      **i. Remedies Contemplated by the Lease**

23

        Section 17(ii) enumerates three remedies available to Capplanco in the event of a

24

default by KFCC:

25

          (a) *Declare the Term ended* and reenter the Premises and the

26

          Tenant Improvements and take possession thereof and

27

          remove all persons therefrom, and Tenant shall have no further claim thereon or hereunder; or

28

          (b) *Without declaring this Lease ended*, reenter the Premises

and the Tenant Improvements and occupy the whole or any part thereof for and on account of Tenant and collect any unpaid rentals and other charges, which have become payable, or which may thereafter become payable; or

(c) Even though Landlord may have reentered the Premises and the Tenant Improvements, *thereafter elect to terminate this Lease* and all of the rights of Tenant in or to the Premises and the Tenant Improvements[.]

(Doc. 12-1 at 19 (emphasis added).)

If Capplanco elects to terminate the lease pursuant to subsections (a) or (c), Section 17(iv) lists the types of damages available, including "any amount necessary to compensate Landlord for all the detriment proximately caused by Tenant's failure to perform its obligations under this Lease . . . including . . . maintaining or preserving the Premises . . . ." (*Id.* at 19-20.)  Section 17(ii)(b) does not require Capplanco to terminate the lease, but limits Capplanco to "collect[ing] any unpaid rentals and other charges." This type of language has been interpreted to mean "specific monetary obligations imposed by the Lease on the lessee," and not repair costs when the lessee has breached a maintenance and repair covenant.  *Avalon Pacific-Santa Ana, L.P. v. HD Supply Repair & Remodel, LLC*, 192 Cal. App. 4th 1183, 1200 (Cal. Ct. App. 2011).   Thus, the enumerated remedies make recovery of maintenance and repair damages contingent on lease termination.

The lease, however, does not limit Capplanco to these enumerated remedies. Section 17(ii) clearly states that the enumerated remedies are "in addition to any other remedies available to it at law or in equity." (Doc. 12-1 at 19.)  Arizona law enforces provisions that allow parties to seek legal remedies beyond those identified by the contract itself.  *See Roosen v. Schaffer*, 621 P.2d 33, 35 (Ariz. Ct. App. 1980).  The question, then, is whether Arizona law permits a landlord to recover maintenance and repair damages without first terminating the lease.

## ii.  Remedies Available at Law

Arizona courts have not addressed whether a landlord may recover maintenance and repair damages from a tenant during the lease term.  In the absence of controlling authority, "Arizona courts generally follow the Restatement of the Law on a particular subject, provided its application is logical, furthers the interests of justice, is consistent with Arizona law and policy, and has been generally acknowledged elsewhere."  *Cont'l Lighting & Contracting, Inc. v. Premier Grading & Utilities, LLC,* 258 P.3d 200, 205 (Ariz. Ct. App. 2011) (internal quotations and citation omitted).  When a "tenant fails to perform a valid promise contained in the lease," the Restatement (Second) of Property provides the landlord with the option to "continue the lease and obtain appropriate equitable and legal relief, including (a) recovery of damages, and (b) recovery of the reasonable cost of performing the tenant's promise."  Restatement (Second) of Property, Land. & Ten. § 13.1 (1977).

Relying on *Avalon*, KFCC argues that the majority of jurisdictions do not follow the Restatement, which allows a landlord to recover damages for maintenance and repair failures during the lease term.  (Doc. 40 at 5-6.)  KFCC reads *Avalon* too broadly.  According to *Avalon*, "a lessor may sue to enforce maintenance and repair covenants during the lease term; the issue is what remedy the lessor may receive—specific performance, injury to the reversion interest, and/or cost of repair damages."  192 Cal. App. 4th at 1207.  Confronted with a similar issue, and after surveying cases nationwide, *Avalon* concluded that "[t]he vast majority . . . follows the rule that a lessor may not recover cost of repair damages during the lease term for breach of maintenance and repair covenants."  *Id.* at 1204-05.

> The basic rationale for this rule is that it would not be fair to award the lessor the cost of repairs in this situation because he or she is not bound to expend the money on repairs, and because the allowance of the present cost of such repairs would give him or her a windfall, since otherwise the lessor would not rightfully come into possession of the demised premises until the expiration of the lease term, after the value of repairs made during the term has substantially declined . . . .  It has also been observed in support of the rule that the lessor's entitlement to cost-of-repair damages during the lease term is entirely speculative, because the lessee may make the necessary repairs before the lease expires[.]

45 A.L.R. 5th 251, § 2(a).   But where a landlord sues before the end of the lease term for breach of a covenant to repair, the measure of damages typically "is the reduction in value of the lessor's reversion, that is, the difference in the value of the premises with and without repairs."  *Ed Miller & Sons, Inc. v. Earl*, 502 N.W.2d 444, 451 (Neb. 1993). Even then, special circumstances may sometimes justify deviation from this general rule. 45 A.L.R. 5th 251 § 2(a); *see Ed Miller & Sons*, 502 N.W.2d 444 (awarding cost of repair damages because evidence showed the amount to be less than the reduction in value of the reversion).   These same principles apply to a waste claim, which "is by definition injury to the lessor's reversion interest." *Avalon*, 192 Cal. App. 4th at 1220.   Accordingly, although the timing of Capplanco's lawsuit might limit the type or measure of damages it may recover, Arizona law would likely follow the Restatement, which would not bar Capplanco's claims entirely.

## II.  Motion for Partial Summary Judgment

### A.  Legal Standard

Summary judgment is appropriate if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  Substantive law determines which facts are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  "A fact issue is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"  *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson*, 477 U.S. at 248).

**B. Analysis**

KFCC argues that it is entitled to summary judgment on Count IV for two reasons: (1) it did not breach Section 10.11 of the lease, and (2) specific performance is not an appropriate remedy under the circumstances.   There is no dispute about the present condition of the Property.  The parties agree that it has been damaged and that items have been stolen from the Property.  Instead, the parties disagree over whether Section 10.11 requires KFCC to repair this damage under the circumstances.  (Doc. 45, ¶¶ 12-17; Doc. 53 at 2, ¶¶ 12, 14-16, and 5, ¶¶ 5-8.)  The Court need not resolve this dispute, however, because even assuming KFCC has breached Section 10.11, specific performance is not an appropriate remedy under the circumstances.

In Arizona, specific performance is an appropriate remedy for breach of contract if five requirements are met:

> (1) there must be a contract; (2) the terms of that contract must be certain and fair; (3) the party seeking specific performance must not have acted inequitably; (4) specific enforcement must not inflict hardship on the other party or public that outweighs the anticipated benefit to the party seeking specific performance; and (5) there must be no adequate remedy at law.

*The Power P.E.O., Inc. v. Employees Ins. Of Wausau*, 38 P.3d 1224, 1228 (Ariz. 2002). Specific performance is not an appropriate remedy for KFCC's alleged breach because Capplanco has adequate remedies available at law.  Under Section 17 of the lease, Capplanco may terminate the lease and sue KFCC for damages if it fails to make all necessary repairs at that time.  (Doc. 12-1 at 18-20.)  Moreover, Count I of Capplanco's amended complaint seeks damages for the same alleged breach.  Accordingly, Capplanco has not shown than it lacks an adequate remedy at law, and thus KFCC is entitled to summary judgment on Count IV.

## CONCLUSION

KFCC seeks to dispose of Counts I and III solely on the pleadings, but the Court cannot determine on the pleadings alone whether KFCC's alleged failure to secure, maintain, and repair the Property has caused any damage to Capplanco's reversionary interest.  Accordingly, KFCC's motion for partial judgment on the pleadings is denied.

Capplanco may pursue its claims, but will bear the burden of proving reversionary damage at summary judgment or at trial.  Specific performance, however, is not an appropriate remedy for Capplanco's breach of contract claim.  Accordingly,

**IT IS ORDERED** that KFCC's Motion for Partial Judgment on the Pleadings, (Doc. 40), is **DENIED**, and its Motion for Partial Summary Judgment, (Doc. 44), is **GRANTED** as explained herein.

Dated this 7th day of July, 2016.

Douglas L. Rayes
United States District Judge